UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTOINETTE ALPHONSE<br>*Plaintiff* | : CIVIL ACTION NO. 302CV1195 (MRK)<br>:<br>: |
| v. | : |
| STATE OF CONNECTICUT<br>DEPARTMENT OF ADMINISTRATIVE<br>SERVICES<br>*Defendant* | :<br>:<br>:<br>: NOVEMBER 12, 2003 |

FILED
NOV 13   2 44 PM '03
U.S DISTRICT COURT
NEW HAVEN, CONN.

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE UNATTESTED STATEMENT

In her November 10, 2003 opposition to the defendant Department of Administrative Services' ("DAS'") October 31, 2003 motion to strike the unattested statement attached to plaintiff's opposition to the motion for summary judgment, plaintiff mischaracterizes both the document in question, and the challenge thereto. The "document", Exhibit 1 to her opposition, is unverified, unattested testimony by Robert Cosgrove, a third-party witness. The challenge to that unsworn testimony is not whether or document has been authenticated, but the fact that it is unsworn, hearsay testimony by a nonparty. Thus the unattested statement by Robert Cosgrove is barred by Federal Rule of Civil Procedure 56(e), which requires that if witness testimony is to be provided, then it must be either by deposition transcripts or by sworn, attested affidavits made upon personal knowledge.

The fact that plaintiff provided the unsworn, hearsay statement in her discovery responses does not transform inadmissible hearsay testimony into admissible evidence. "Such unsworn representation as to the anticipated testimony of another is not competent evidence which would be admissible at trial," and thus cannot be used "to

create a dispute of material fact in the context of this motion for summary judgment." Evian Waters of France, Inc. v. Valley Juice Ltd, Inc., 1999 U.S. Dist. LEXIS 20542 *10-12 (D. Conn. 1999). See also Notch v. Aerospatiale, 2003 U.S. Dist. LEXIS 13278 *4 (N.D. Tex. 2003) ("unsworn expert report is not admissible evidence for summary judgment purposes"); Payne v. Collins, 986 F. Supp. 1036, 1054-55 (E.D. Tex. 1997) and citations therein ("unsworn documents are not appropriate for consideration in the summary judgment context").

Plaintiff's reliance upon her cited caselaw is misplaced, for she cites the portions of the cases where the challenge were addressed to the authenticity of produced documents or taped phone recordings, and not to the portions, and other case law, concerning unsworn witness testimony. See Seed v. Lucero, 177 F. Supp. 2d 1261, 1267 (D.N.M. 2001) (challenge to authenticity of taped telephone call overruled); Payne v. Collins, supra, 986 F. Supp. at 1054-1056 (struck unsworn testimony and overruled objection by defendants to "unauthenticated" governmental report produced in discovery by defendants); In re Greenwood Air Crash, 924 F. Supp. 1511, 1514 (S.D. Inc. 1995) (overruled objection by plaintiffs to "unauthenticated" pilot log books produced by plaintiffs.) See also Anderson v. Cramlet, 789 F.2d 840, 845 (10th Cir. 1986) (for father who twice kidnapped his child from mother with custody, and went on talk show to describe reasons for kidnapping, his objection for summary judgment evidence of his letter to the talk show, and transcript thereof was overruled under judicial notice doctrine, as they had been entered into evidence in separate trial by mother against talk show host.)

The unattested statement of Robert Cosgrove, a former DAS employee, submitted as Exhibit 1 to plaintiff's opposition to summary judgment, was produced by plaintiff, not the defendant, and is no different than an unsworn affidavit. Plaintiff could have, and did not, depose Mr. Cosgrove, nor did she obtain a sworn affidavit from him. Because his unattested statement is not admissible evidence, defendant's motion to strike should be granted.

DEFENDANT
STATE OF CONNECTICUT
DEPARTMENT OF ADMINISTRATIVE
SERVICES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Clare E. Kindall
Assistant Attorney General
Federal Bar No. ct13688
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Clare.Kindall@po.state.ct.us

3

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing Reply Memorandum in Support of Motion to Strike Unattested Statement was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 12th day of November, 2003 to:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

*Clare E. Kindall*
Clare E. Kindall
Assistant Attorney General

4